## 223
## BURDEN v. STATE OF OHIO

Ohio Court of Appeals, Cuyahoga County. No. 4529.
February 12, 1923

This opinion has not been published except in Abstract.

ORDINANCE—(1) Conflict with State Statute—Method of determination—(2) Construction of apparently conflicting laws.

VICKERY, P. J.

### Epitomized Opinion

The defendant was convicted in the Municipal Court of Cleveland for violating the speed ordinance. He was fined $25 and costs, and sentenced to 5 days in the workhouse. Motions for a new trial and in arrest of judgment were filed by the defendant, but overruled. Error was prosecuted upon the ground that the City ordinance relating to speed was unconstitutional, as the penalty provided thereunder was different from the penalty provided in the state statute. Held:

1. Where the individual can obey both the State and Municipal authorities at the same time, there is no conflict between them.

2. As G. C. 12603 is not exclusive in that it prevents a municipality from passing an ordinance upon the same subject, the ordinance of Cleveland regulating speed is not in conflict with the state statute where the two laws are identical except as to the extent of the penalty.

Attorneys, James L. Lind, for defendant: Lee E. Skeel, for State.

---

## 224
## ERIE R. R. v. STEWART FURNACE CO.

Ohio Court of Appeals, Cuyahoga County. No. 4172-2.
February 5, 1923

This opinion has not been published except in Abstract.

RAILROAD TARIFFS—(1) Effect of specific tariff on duties of a railroad—(2) Interpretation of Sec. 29, Art. V., Pennsylvania Law—(3) Mode of redress by shippers discriminated against by.

WASHBURN, J.

### Epitomized Opinion

Error to Cuyahoga Court of Common Pleas

Prior to April 1, 1916, under tariffs approved by the U. S. Interstate Commission having jurisdiction over interstate shipments, and a similar commission in Pennsylvania, controlling intra state shipments, the railroad served certain shippers situated in the same rate district, by delivering cars to the plants of the shippers for the regular line haul charge, and also performing the service of "spotting" for the shippers. Certain shippers furnished their own power and performed the service of "spotting" themselves, and the railroad paid these shippers for their services. Subsequently the U. S. Commission decided that the railroad could no longer perform these services or pay for the service performed by the shipper, and still later the commission decided that the railway could perform services of this sort, but left in force the tariff providing that it could not pay for the services rendered by the shipper. The shippers properly obtained relief as to interstate shipments from the U. S. Commission,

but brought suit in the common pleas court to obtain relief as to intra state shipments, rather than by applying to the Pennsylvania State Commission. Art. V. of Pennsylvania law provides that the method of relief in cases of this sort shall be by application to the Pennsylvania Commission, but Sec. 29 of Art. V. provides that the law shall not abridge or impair the obligations of the railroad under common law or statutory law **except as otherwise provided.** The Furnace Co. claims that the services above mentioned were common law duties of the railroad, and that suit in a common pleas court was a proper method of relief. Held by Court of Appeals in reversing judgment for the shipper:

1. Where a law provides that existing rights and remedies are to be preserved, except as otherwise provided in the law, and also provides for a specific tariff, the latter provision supersedes the common law, and becomes the contract of the parties.

2. The proper method of relief by shippers discriminated against as to intra state shipments of a railroad, not as a result of the discriminatory enforcement of the tariff provisions but as the result of the discriminatory nature of the tariffs themselves, is by application to the state commission as provided by law.

Attorneys, Cooke, McGowan, Foote, Bushnell & Lang, for Erie; Squire, Sanders & Dempsey, for Pennsylvania; Dustin, McKeehan, Merrick, Arter & Stewart, for Furnace Co.

---

## 225
## HUNTINGTON & FINKE CO. v. LAKE ERIE LUMBER CO.

Ohio Court of Appeals, Cuyahoga County. No. 4088.
February 8, 1923

This opinion has not been published except in Abstract

CONTRACTS—(1) Rescission.

Sayre, Middleton and Manck, 4th District, sitting.

MIDDLETON, J.

### Epitomized Opinion

The Huntington & Finke Co. sued defendant on an account for lath sold and delivered. The defendant admitted its indebtedness for the lath, but claimed as a counter-claim that the plaintiff had failed to deliver other lath. The defendant contended that the other lath was contained in two orders of five carloads each, which orders were accepted by plaintiff, and that plaintiff had delivered only three carloads on both of these orders. The plaintiff contended that one of these orders had been rejected and the other was later cancelled because defendant had not paid for other lath purchased. As plaintiff could not establish its claim by the evidence, the Common Pleas Court rendered a verdict for defendant for $10,491.98. Plaintiff prosecuted error proceedings. Held by the Appellate Court:

1. Where the evidence shows that one party to a contract did not refuse to perform the agreement because of any default on the part of the other party in paying for the goods it had received according to the terms of the contract, but that its failure to ship was due entirely to other conditions, that party can not later avoid liability by claiming that the agreement was terminated by said failure to pay.

See also Bishopric Co. v. Ferguson. I Abs., p. 11, 105 O. S. 274.

Attorneys, Howell, Roberts & Duncan, for plaintiff; Messrs Tolles, Hogsett, Ginn & Morley, for defendant.